IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BOGART MUMFORD PARKS, individually and as the personal representative of the ESTATE OF WILLIAM J. PARKS, deceased; and CHIYA NICHOLE PARKS,<br><br>        Plaintiffs,<br><br>        vs.<br><br>ROBERT R. WATKINS, M.D., HAMAKUA HEALTH CENTER, INC., dba KOHALA FAMILY HEALTH CENTER, and UNITED STATES OF AMERICA,<br><br>        Defendants. | Civ. No. 11-00594 HG-RLP |

**ORDER DENYING PLAINTIFFS' MOTION FOR THE FEDERAL COURT TO RETAIN JURISDICTION (DOC. 88)**

**AND**

**VACATING THE JUDGMENTS ON THE MOTIONS FOR SUMMARY JUDGMENT (DOCS. 44 and 72) IN THE COURT'S ORDER ISSUED ON AUGUST 31, 2012 (DOC. 84)**

The action arises out of a medical malpractice dispute. Plaintiffs, representing the estate of the decedent, filed suit against Defendants Robert R. Watkins, M.D., the United States of America, and Hamakua Health Center, Inc., a federally-funded health center. The Complaint claims that Defendant Watkins committed medical negligence when he failed to diagnose and treat

1

the decedent's cancer, which caused his death. The suit against the Federal Government and the Hamakua Health Center was based on a theory of *respondeat superior* liability, as Defendant Watkins's alleged employers.

The claims against the Federal Government and the Hamakua Health Center provided the asserted basis for the Federal District Court's original jurisdiction.

In the Order issued on August 31, 2012, the Court dismissed the Federal Government and the Hamakua Health Center from the suit for lack of subject matter jurisdiction. There was no proof that the alleged medical negligence occurred while Defendant Watkins was employed by the Federal Government and the Hamakua Health Center.

Dismissal of the Federal Government and the Hamakua Health Center eliminated the only possible basis for the Court's original jurisdiction over the action. The remaining claims, state-law medical negligence claims against Defendant Watkins, do not provide an independent basis for federal jurisdiction.

Plaintiffs move for the Court to retain jurisdiction, pursuant to the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367, which grants federal jurisdiction over all claims that form part of the same case or controversy as federal claims.

The Court cannot exercise supplemental jurisdiction because

it did not possess original jurisdiction over any claims in the action. The action must be dismissed.

The Motion for the Federal Court to Retain Jurisdiction (Doc. 88) is **DENIED.** The remaining claims are **DISMISSED WITHOUT PREJUDICE.**

After dismissing the Federal Government and the Hamakua Health Center from the action, the Court erroneously issued rulings on two Motions for Summary Judgment. Such rulings were improper because the Court did not have jurisdiction over the matter.

The Court's rulings on the Motions for Summary Judgment, set forth in the Order issued on August 31, 2012 (Doc. 84), are **VACATED.**

## PROCEDURAL HISTORY

On September 29, 2011, Plaintiffs filed a Complaint in Federal Court. (Doc. 1.)

On March 28, 2012, Plaintiffs filed a First Amended Complaint in Federal Court. (Doc. 30.)

On April 9, 2012, Defendants Hamakua Health Center, Inc. and the United States of America filed a Motion to Dismiss the Amended Complaint. (Doc. 32).

On August 31, 2012, the Court granted the Federal Government and the Hamakua Health Center Defendants' Motion to Dismiss for lack of subject matter jurisdiction. Failing to recognize that it

3

lacked the authority to retain the action, the Court erroneously denied Plaintiffs' Motion for Partial Summary Judgment and Defendant Watkins's Motion for Partial Summary Judgment. (Doc. 84.)

On September 10, 2012, the Court received a letter from Defendant Watkins's Counsel. It was unclear from the letter whether the parties agreed that the action should proceed in Hawaii State Court, as opposed to Federal Court. (Doc. 85.)

On September 27, 2012, the Court held a status conference about whether the action would proceed in Federal Court. Counsel was permitted to file a motion to dismiss or to retain federal jurisdiction. The Court informed Counsel that it would dismiss the action if no motion was filed. (Minute Order, September 27, 2012 (Doc. 87).)

On October 26, 2012, Plaintiffs filed PLAINTIFFS' MOTION FOR THE FEDERAL COURT TO RETAIN JURISDICTION. (Doc. 88.)

On November 1, 2012, Defendant filed an Opposition. (Doc. 89.)

On November 28, 2012, Plaintiffs filed their Reply. (Doc. 93.)

On December 10, 2012, the Court held a hearing on the Motion for the Federal Court to Retain Jurisdiction. The issue arose as to whether the Court has the power to exercise supplemental

jurisdiction. The parties were allowed to file supplemental briefing on the issue.

On January 4, 2012, both parties filed a supplemental memorandum on the issue. (Docs. 96 and 97.)

## BACKGROUND

The action stems from the death of William J. Parks ("the Decedent"). Plaintiffs Bogart Mumford Parks and Chiya Nichole Parks, representing the Estate of the Decedent, filed a medical malpractice suit against Defendants Robert R. Watkins, M.D., and his employers, the federally-funded Hamakua Health Center d/b/a Kohala Family Health Center, and the United States of America.

Plaintiffs allege that Defendant Watkins committed medical negligence when he failed to treat and diagnose the Decedent's cancer, which caused the Decedent's death. The claims against the Federal Government and the Hamakua Health Center are based on their *respondeat superior* liability, as Watkins's alleged employers.

The claims against the Federal Government and the Hamakua Health Center provided the possible basis for the Federal District Court's jurisdiction over the action. The claims against Defendant Watkins do not provide an independent basis for federal jurisdiction.

The Court dismissed the claims against the Federal Government and the Hamakua Health Center for lack of subject

matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1). There was no proof that the alleged medical negligence occurred while Defendant Watkins was employed by the Federal Government and the Hamakua Health Center.

Only state-law claims against Defendant Watkins remain. The Court's supplemental jurisdiction over all claims that form part of the same case or controversy as a federal claim, pursuant to 28 U.S.C. § 1367, provides the only possible basis for federal jurisdiction.

The parties dispute whether the Court has the power to retain jurisdiction over the action, and if so, whether the Court should exercise supplemental jurisdiction over the remaining claims.

**ANALYSIS**

**I.    FEDERAL SUBJECT MATTER JURISDICTION**

The district courts of the United States are courts of limited jurisdiction. Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005). Federal district courts have no jurisdiction without specific constitutional or statutory authorization. Id.

Pursuant to federal statutes, federal district courts generally have original jurisdiction over claims that arise under

federal law, 28 U.S.C. § 1331, and claims between citizens of different states involving claims greater than $75,000, 28 U.S.C. § 1332. Federal district courts also generally have original jurisdiction over claims against the United States, including claims for money damages that fall within the requirements established by the Federal Tort Claims Act, 28 U.S.C. § 1346(b).

When a federal court has original subject matter jurisdiction the Supplemental Jurisdiction Statute, 28 U.S.C. § 1367, grants it jurisdiction over all other claims that are so related to the claims within the federal court's original jurisdiction that they form part of the same case or controversy under Article III. Section 1367(a) of the Supplemental Jurisdiction Statute provides:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

28 U.S.C. § 1367(a). Supplemental jurisdiction requires that the Court have original jurisdiction.

A district court with original jurisdiction has the discretion to refuse supplemental jurisdiction over state-law claims that meet the requirements of § 1367(a) when certain

conditions are present. 28 U.S.C. § 1367(c). <u>Foster v. Wilson</u>, 504 F.3d 1046, 1051 (9th Cir. 2007). One such condition is when the district court dismisses all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3). When one of the conditions in § 1367(c) is met, the Court's decision to exercise or decline supplemental jurisdiction is informed by "the values of economy, convenience, fairness, and comity." <u>Carnegie-Mellon Univ. v. Cohill</u>, 484 U.S. 343, 351 (1988); <u>Acri v. Varian Assocs., Inc.</u>, 114 F.3d 999, 1001 *supplemented by,* 121 F.3d 714 (9th Cir. 1997).

Although judicial economy, convenience, fairness, and comity usually point toward declining jurisdiction over state-law claims that remain after the dismissal of all federal-law claims before trial, dismissal is purely discretionary. <u>Carnegie-Mellon</u>, 484 U.S. at 350 n.7; <u>Carlsbad Tech., Inc. v. HIF Bio, Inc.</u>, 556 U.S. 635, 639 (2009).

A federal court does not have authority to exercise supplemental jurisdiction over remaining state-law claims when the federal-law claims are dismissed for lack of subject matter jurisdiction. Supplemental jurisdiction may only be invoked when the district court has "a hook of original jurisdiction on which to hang it." <u>Herman Family Revocable Trust v. Teddy Bear</u>, 254 F.3d 802, 805-806 (9th Cir. 2001). Distinguishing a dismissal on

jurisdictional grounds from a dismissal on the merits, the Ninth Circuit Court of Appeals held:

> If the district court dismisses all federal claims on the merits, it has discretion under § 1367 to adjudicate the remaining claims; if the court dismisses for lack of subject matter jurisdiction, it has no discretion and must dismiss all claims.

Id.

When a district court dismisses a claim over which it has jurisdiction for failure to state a claim, the pendent claims still meet the requirements for supplemental jurisdiction, set forth in title 28 U.S.C. § 1367(a). They form part of the same case or controversy as a claim in the action within the court's original jurisdiction. A district court may exercise or deny supplemental jurisdiction over such claims, pursuant to § 1367(c), based on the values of judicial economy, convenience, fairness, and comity. Acri, 114 F.3d at 1000.

II. **PENDENT CLAIMS MUST BE DISMISSED BECAUSE THE COURT LACKED SUBJECT MATTER JURISDICTION OVER THE FEDERAL DEFENDANTS**

　　A.　**Federal Jurisdiction**

Plaintiffs filed the action in Federal District Court alleging the Court had original jurisdiction over the claims against the Federal Government and the Hamakua Health Center, which were brought pursuant to the Federal Tort Claims Act

9

("FTCA") and the Federally Supported Health Centers Assistance Act of 1992 ("FSHCAA").

The FTCA waives the United States' sovereign immunity and grants federal district courts subject matter jurisdiction over claims against the United States for loss of property, personal injury, or death "caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his . . . employment." 28 U.S.C. § 1346(b)(1). The FSHCAA extends FTCA coverage to certain federally-funded healthcare centers, such as the Hamakua Health Center. Pub. L. No. 102-501, 106 Stat. 3268 (1992).

The Court dismissed the Federal Government and the Hamakua Health Center, without prejudice, for lack of subject matter jurisdiction. The Court held that sovereign immunity was not waived because there was no evidence that Defendant Watkins was a federal employee acting within the scope of his employment. (Order, Aug. 31, 2012 at pg. 32 (Doc. 84).)

The remaining state-law claims against Defendant Watkins do not have an independent basis for federal jurisdiction. Defendant Watkins and Plaintiffs are all citizens of Hawaii and the claims do not arise under federal law. 28 U.S.C. §§ 1331, 1332. Supplemental jurisdiction provided the only possible jurisdictional basis for the remaining claims. 28 U.S.C. § 1367(a).

### B. The Court's Finding with Respect to Lack of Subject Matter Jurisdiction was Proper

Plaintiffs argue that the Court erred in dismissing the Federal Government and the Hamakua Health Center for lack of subject matter jurisdiction. They claim that the Court treated the Federal Defendants' Motion to Dismiss as a motion for summary judgment by relying on a factual record outside the pleadings and making an evidentiary determination, and thus asserted jurisdiction in the matter. (Plaintiff's Supplemental Memo at pg. 2 (Doc. 97).)

#### 1. Standards for Dismissal for Lack of Subject Matter Jurisdiction

A motion to dismiss for lack of subject matter jurisdiction is brought pursuant to Federal Rule of Civil Procedure 12(b)(1). Thornhill Pub. Co., Inc. V. General Tel. & Electronics Corp., 594 F.2d 730, 733 (9th Cir. 1979). An attack on subject matter jurisdiction may be facial or factual. A facial attack is based on the allegations on the face of the complaint together with any undisputed facts on the record. A factual attack allows the court to look beyond the complaint, hear evidence regarding jurisdiction, and rule on the issue prior to trial, resolving factual disputes where necessary. Id. Although the nature of the burden varies depending on whether a motion to dismiss is a facial or factual attack, the plaintiff bears the burden of establishing subject matter jurisdiction. Stock West, Inc. v.

Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). In a facial attack, the court must consider the allegations of the complaint to be true. In a factual attack, the court need not presume the truthfulness of the plaintiff's allegations. White v. Lee, 227 F.3d 1214, 1242 (9th Cir. 2000).

The traditional 12(b)(1) standards are not appropriate when issues of jurisdiction and substance are intertwined. Roberts v. Corrothers, 812 F.2d 1173, 1177 (9th Cir. 1987). When the jurisdictional question is dependent on the resolution of factual issues going to the merits, the court should employ the standard applicable to a motion for summary judgment, because a resolution of the jurisdictional facts is akin to a decision on the merits. Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983). Applying the summary judgment standard, the moving party should prevail only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law. Id. Dismissal in such a case is appropriate if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. Roberts, 812 F.2d at 1177.

Applying the summary judgment standard to determine whether federal jurisdiction exists does not create federal jurisdiction where none exists.

### 2. Application of Factual Attack Standard was Proper

The Court held that the merits were not intertwined with the jurisdictional issue and applied the standard for a factual attack pursuant to Rule 12(b)(1). (Order, Aug. 31, 2012 at pgs. 22-23). The Court applied the standard for a factual attack, not that of summary judgment. The Court placed the burden of proving subject matter jurisdiction on Plaintiffs and did not allow a presumption of truth to attach to Plaintiffs' allegations. (Id. at pgs. 30-31.)

Plaintiffs contend that the Court should have applied the summary judgment standard to Defendants' Motion to Dismiss, as the Ninth Circuit Court Appeals did in the case of Augustine, 704 F.2d 1074, 1077-79 (9th Cir. 1983).

In Augustine, the question of subject matter jurisdiction depended on the resolution of factual issues going to the heart of the plaintiff's negligence action. The determination of whether the negligence claim met the FTCA's jurisdictional prerequisite depended on whether the defendants' conduct was negligent. The Court of Appeals remanded the action for the district court to resolve the merits of the claim to the extent necessary to allow it to properly determine its own jurisdiction. Id.

Here, unlike in Augustine, the jurisdictional facts are not intertwined with the merits of the alleged negligence claim. The

13

jurisdictional issue depends on when Defendant Watkins was employed by the Federal Government and the Hamakua Health Center. The alleged negligent conduct in this case did not occur until approximately ten months after Defendant Watkins's employment with the Federal Government and the Hamakua Health Center terminated. The Court's jurisdictional determination did not depend on whether Defendant Watkins acted negligently.

The Court applied the proper standard in deciding the federal defendants' Motion to Dismiss. See CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008)(scope-of-employment issues under the FTCA is jurisdictional and 12(b)(1) standard applies because jurisdictional issue is not overly intertwined with merits of plaintiff's claims); Holt v. United States, 46 F.3d 1000, 1003 (10th Cir. 1995)(not intertwined because immunity issue does not arise under the FTCA).

### 3.  Summary Judgment Standard Mandates Same Result

The effects of applying the summary judgment standard to the facts of the case would not result in a different outcome. Under either the summary judgment standard or the factual attack standard, Defendants' Motion to Dismiss would be granted for lack of subject matter jurisdiction. The same result would occur because no material issues of fact exist as to (1) the period of Defendant Watkins's employment with the Federal Government and the Hamakua Health Center and (2) whether a negligent act

14

occurred during that period of employment. Thornhill, 594 F.2d at 733 ("Since the material facts are not in dispute, we need not decide whether the trial court was required to apply summary judgment standards in ruling on appellees' motion or whether the court could properly have considered this a purely jurisdictional issue and therefore could have treated the motion to dismiss for lack of jurisdiction under Rule 12(b)(1).")

The Court conducted a hearing on the issue of the scope of Defendant Watkins' employment with the Federal Government and the Hamakua Health Center and reviewed evidence outside the pleading, attached to the parties' filings. The material facts relating to jurisdiction are not in dispute. Defendant was employed by the United States from August 10, 2006 through November 2, 2006. (Order, Aug. 31 2012 at pg. 28 (Doc. 84).) There is no evidence supporting an allegation that Defendant Watkins breached a duty of care during that period of employment, nor do Plaintiffs allege that a breach occurred between August 10, 2006 and November 2, 2006.

At the core of Plaintiffs' Complaint is that Defendant Watkins committed medical negligence by failing to diagnose and treat the Decedent's cancer when he removed a lesion in July or August 2007. (Id. at pg. 30); Takayama v. Kaiser Found. Hosp., 923 P.2d 903, 915-16 (Haw. 1996)(breach of duty required for a negligence action under Hawaii law). Such alleged negligence

occurred during that period of employment. Thornhill, 594 F.2d at 733 ("Since the material facts are not in dispute, we need not decide whether the trial court was required to apply summary judgment standards in ruling on appellees' motion or whether the court could properly have considered this a purely jurisdictional issue and therefore could have treated the motion to dismiss for lack of jurisdiction under Rule 12(b)(1).")

The Court conducted a hearing on the issue of the scope of Defendant Watkins' employment with the Federal Government and the Hamakua Health Center and reviewed evidence outside the pleading, attached to the parties' filings. The material facts relating to jurisdiction are not in dispute. Defendant was employed by the United States from August 10, 2006 through November 2, 2006. (Order, Aug. 31 2012 at pg. 28 (Doc. 84).) There is no evidence supporting an allegation that Defendant Watkins breached a duty of care during that period of employment, nor do Plaintiffs allege that a breach occurred between August 10, 2006 and November 2, 2006.

At the core of Plaintiffs' Complaint is that Defendant Watkins committed medical negligence by failing to diagnose and treat the Decedent's cancer when he removed a lesion in July or August 2007. (Id. at pg. 30); Takayama v. Kaiser Found. Hosp., 923 P.2d 903, 915-16 (Haw. 1996)(breach of duty required for a negligence action under Hawaii law). Such alleged negligence

occurred approximately ten months after the scope of Defendant's employment with the Federal Government and the Hamakua Health Center ended. Wong-Leong v. Hawaiian Indep. Refinery Inc., 879 P.2d 538, 546 (Haw. 1994)(*respondeat superior* liability under Hawaii law depends on whether conduct was related to employment or if employer derived benefit from activity).

Plaintiffs present evidence that the tumor may have arisen during the time Dr. Watkins was employed by the Federal Government and the Hamakua Health Center. There is no evidence of Dr. Watkins having any knowledge or taking any action regarding the tumor prior to July or August 2007. Although the facts regarding when the tumor arose are disputed, (Plaintiff's Supplemental Memo at pg. 2), such an inquiry is not relevant in determining whether the Court has jurisdiction over the federal claims in this case.

There is no evidence that any negligent act affecting Decedent occurred while Dr. Watkins was employed by the Federal Government or the Hamakua Health Center. The material facts with respect to jurisdiction are not in dispute.

**C.   The Court Cannot Exercise Supplemental Jurisdiction**

The Court lacks jurisdiction over the claims against the Federal Government and the Hamakua Health Center, which provided the only potential basis for federal original jurisdiction.

When a federal district court dismisses all federal claims for lack of subject matter jurisdiction, there is no valid claim within the court's original jurisdiction to trigger 18 U.S.C. § 1367(a)'s grant of supplemental jurisdiction over pendent state-law claims. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805-806 (9th Cir. 2001)(citing 15 MOORE'S FEDERAL PRACTICE § 106.66[1]).

The Court does not have authority to exercise supplemental jurisdiction because there was no original claim to which the remaining state-law claims may be supplemental. See Arbaugh, 546 U.S at 514 n.11 (determination that a court's lack of subject matter jurisdiction mandates the dismissal of pendent state-law claims, even when the determination relates to the merits of a case); Scott v. Pasadena Unified Sch. Dist., 306 F.3d 646, 664 (9th Cir. 2010)(no discretion to retain supplemental jurisdiction over state-law claims when federal district court lacked subject matter jurisdiction over federal claims); Lowery v. Reinhardt, No. CV. 07-0880, 2008 WL 550083 (E.D. Cal. Feb. 27, 2008).

The Court's finding that it lacks subject matter jurisdiction over Plaintiffs' FTCA claim, after applying either the summary judgment standard or the traditional 12(b)(1) standard, prohibits the exercise of supplemental jurisdiction. See Dreier v. United States, 106 F.3d 844, 847 (9th Cir. 1996).

In <u>Lowery</u>, 2008 WL 550083 (E.D. Cal. Feb. 27, 2008), the United States moved to dismiss or for summary judgment for lack of subject matter jurisdiction because a physician's alleged tortious conduct did not fall within the scope the physician's federal employment. <u>Id.</u> at *2. The Federal District Court, applying state principles of *respondeat superior* liability, determined that the alleged injuries did not fall within the FTCA's waiver of sovereign immunity. <u>Id.</u> at *5. The District Court lacked subject matter jurisdiction "as a matter of law" because the undisputed facts would not support an inference that the physician was acting within the scope of his employment. Having dismissed "all federal claims for lack of subject matter jurisdiction on the merits," the District Court determined that it had no discretion to retain supplemental jurisdiction to adjudicate remaining state law claims." <u>Id.</u> at *7.

The factors which would trigger the Court's discretionary authority to exercise supplemental jurisdiction, pursuant to § 1367(c), are inapplicable.   The action must be dismissed in its entirety. <u>Arbaugh</u>, 546 U.S. at 514; <u>Scott</u>, 306 F.3d at 664; <u>Rosenblatt v. St. John's Episcopal Hosp.</u>, No. 11-CV-1106 (ERK), 2012 WL 294518 (E.D.N.Y. Jan. 31, 2012)(dismissal of United States for lack of subject matter jurisdiction in medical malpractice action brought pursuant to the FTCA "divests this

18

Court of original federal jurisdiction over any claim and thus precludes the exercise of supplemental jurisdiction").

Plaintiffs' Motion to Retain Jurisdiction is **DENIED.**

**III. RULINGS ON THE SUMMARY JUDGMENT MOTIONS MUST BE VACATED**

In the Order issued on August 31, 2012, which granted the Federal Government's and the Hamakua Health Center's Motion to Dismiss for lack of subject matter jurisdiction, the Court also denied Plaintiff's Motion for Partial Summary Judgment (Doc. 44) and Defendant Watkins's Motion for Partial Summary Judgment (Doc. 72). (Doc. 84.)  The rulings were in error.

The Court lacked jurisdiction over the action, therefore the Court did not have the authority to rule on the summary judgment motions. The Court's rulings on the summary judgment motions (Docs. 44 and 72) are **VACATED.**

**CONCLUSION**

The Court must dismiss the state law claims because the Court did not have original jurisdiction over any claims in the action. There is no authority for the Court to exercise supplemental jurisdiction.

19

...

The rulings on **PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT** (Doc. 44) and **DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT ON PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**, set forth in the Order issued on August 31, 2012, are **VACATED.**

**PLAINTIFFS' MOTION FOR THE FEDERAL COURT TO RETAIN JURISDICTION** (Doc. 88) is **DENIED.**

The remaining claims are **DISMISSED WITHOUT PREJUDICE.**

The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

DATED: January 31, 2013, Honolulu, Hawaii.



/S/ Helen Gillmor
_____
Helen Gillmor
United States District Judge

Parks, et al v. Watkins, et al, CV 11-00594 HG-RLP, **ORDER DENYING PLAINTIFFS' MOTION FOR THE FEDERAL COURT TO RETAIN JURISDICTION (Doc. 88) AND VACATING THE JUDGMENTS ON THE MOTIONS FOR SUMMARY JUDGMENT (DOCS. 44 and 72) IN THE COURT'S ORDER ISSUED ON AUGUST 31, 2012 (DOC. 84)**